**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
OMAR S. JONES,                      :
                                    :   Civil Action No. 09-3112 (JAP)
            Plaintiff,              :
                                    :
      v.                            :       **O P I N I O N**
                                    :
SOMERSET COUNTY, et al.,            :
                                    :
            Defendants.             :
_____:

**APPEARANCES:**

Omar S. Jones, Pro Se
#204584E/637565
Northern State Prison
P.O. Box 2300
Newark, NJ 07114

John B. Monahan, Esq.
O'Toole Fernandez Weiner VanLieu
60 Pompton Avenue
Verona, NJ 07044
Attorney for Defendants

**PISANO, District Judge**

Plaintiff, Omar S. Jones, currently incarcerated at the Northern State Prison, Newark, New Jersey, filed a complaint under 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by engaging in racial profiling with regards to his motor vehicle stop.

The remaining defendants[1] have filed a motion to dismiss (docket entry 17) in lieu of an Answer.  Plaintiff has opposed the motion.  The Court has reviewed the Defendants' submission and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the following reasons, the motion will be denied.  The remaining Defendants will be ordered to answer the claims of the complaint.

## BACKGROUND

The following facts are taken from Plaintiff's complaint. Plaintiff alleges that on August 1, 2008, he was driving a motor vehicle according to traffic laws, with a passenger in the vehicle, and was pulled over.  He states that the defendant police officers, "in their own words [stated] that they were on Selective Enforcement which is another word used for[,] or is the same as Racial Profiling."  He claims that when he was locked up he met fifteen people who have been arrested by the Warren Township Police Department.  Thirteen of them were arrested by the same two officers, all were black, all were driving a car with another occupant, and all had out-of-state plates.

Plaintiff asks for monetary relief.

---

[1] Defendants Warren Township Police Department and the State of New Jersey were terminated from this case upon initial screening.  The remaining defendants are Somerset County, Officer Erik Larsen, Officer Robert Ferrerro, and the Township of Warren.

**DISCUSSION**

**A.   Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  The Twombly Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (internal citations omitted).  Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct.

1937, 1949, 173 L. Ed.2d 868 (2009).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (citations omitted).

**B.   Analysis**

Defendants argue that the complaint should be dismissed in accordance with Heck v. Humphrey, 512 U.S. 477 (1994).

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good conduct time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  See Preiser, 411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  See id. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he

is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser; whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if

> it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or
> sentence has already been invalidated.  But if the
> district court determines that the plaintiff's action,
> even if successful, will not demonstrate the invalidity
> of any outstanding criminal judgment against the
> plaintiff, the action should be allowed to proceed, in
> the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  Id. at 489-90.

As explained by the Third Circuit, "[c]onsidering Heck and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'" Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (quoting Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)).

Defendants in this motion argue that: "If this case was allowed to proceed, it would necessarily impugn the validity of the Plaintiff's conviction.  In fact, it would be a re-litigation of the very same issue, namely, whether the officers engaged in racial profiling as a basis for the stop of Plaintiff's car."  (Brief, p. 6).  Thus, Defendants argue that the case should be

6

dismissed, because, essentially, it is premature- Plaintiff cannot file a § 1983 action for selective enforcement until his conviction has been invalidated.

However, the Third Circuit addressed the application of Heck to selective enforcement claims and found otherwise. In Dique v. New Jersey State Police, 603 F.3d 181 (3d Cir. 2010), the plaintiff was "the victim of racial profiling" and was convicted in state court on drug-related charges arising from the stop. 603 F.3d at 183. The State of New Jersey moved to vacate the conviction and dismiss the indictment because of profiling, and the plaintiff was released from prison three days later. See id. at 184.

The plaintiff in Dique filed a § 1983 claim in this District Court, which was dismissed under Federal Rule of Civil Procedure 12(b)(6) as time barred. The Third Circuit remanded to the District Court in light of Gibson v. Superintendent of New Jersey Department of Law & Public Safety-Division of State Police, 411 F.3d 427 (3d Cir. 2005), where they held, relying on the rule of Heck, that the statute of limitations for a selective enforcement claim "did not begin to run until [the] sentence was vacated." See id. at 184 (quoting Gibson, 411 F.3d at 441). Therefore, in Dique's case, his § 1983 claims were not time barred because the statute of limitations did not begin to run until his conviction was vacated.

The District Court allowed Dique's claims to proceed, and in the interim, the Supreme Court decided <u>Wallace v. Kato</u>, 549 U.S. 382 (2007).  In <u>Wallace</u>, the Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."  <u>Wallace</u>, 549 U.S. at 397.  The Court also clarified that the <u>Heck</u> bar is applicable only when, at the time the § 1983 suit would normally accrue, there is an existing criminal conviction:

> [T]he <u>Heck</u> rule for deferred accrual is called into play only when there exists a conviction or sentence that has not been ... invalidated, that is to say, an outstanding criminal judgment. It delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn.

<u>Id.</u> at 393 (internal quotation marks omitted).

The defendants in Dique's case filed summary judgment motions based on <u>Wallace</u>, again arguing that the statute of limitations had run.  <u>See</u> <u>id.</u>  The District Court granted the motions, "holding that at no time following Dique's arrest in 1990 was there a bar to his bringing a civil complaint because Dique's claims did not 'necessarily implicate the conviction.'"  <u>Dique</u>, 603 F.3d at 184.

Dique appealed the District Court's order granting summary judgment, holding that his selective enforcement claim was time

barred.  See id.  The Third Circuit affirmed the District Court's grant of summary judgment, holding: "We believe . . . that the Supreme Court's decision in Wallace v. Kato, 549 U.S. 384 (2007), which clarified the Heck rule, extends to Fourteenth Amendment selective-enforcement claims and thus overrides our decision in Gibson."  Id. at 183.  Further, the Court held that under Wallace, "the statute of limitations 'beg[an] to run at the time [Dique] bec[ame] detained pursuant to legal process.'" Id. at 188 (quoting Wallace, 549 U.S. at 397).  Thus, the Third Circuit reasoned, "a Fourteenth Amendment selective-enforcement claim will accrue at the time that the wrongful act resulting in damages occurs," id.; and:

> Henceforth, in a case of selective-enforcement we will no longer require that the complainant have been convicted and have had that conviction reversed, expunged or invalidated.  If we were to do so, we would be putting the complainant in the "bizarre extension of Heck" where the cause of action might never accrue if there were no prosecution or if there were a dismissal or an acquittal.

Dique, 603 F.3d at 188 (quoting Wallace, 549 U.S. at 393).

Based on the foregoing, in this case, a selective enforcement case, Plaintiff's cause of action accrued at the time of the wrongful act.  In this case, the wrongful act occurred on August 1, 2008, Plaintiff's complaint was received by the Court on June 26, 2009, and is properly before this Court.  In accordance with Wallace and Dique, Plaintiff's case is not barred by the Heck rule.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is denied and Defendants will be ordered to answer the allegations of the complaint.  An appropriate Order accompanies this Opinion.


                                    s/ Joel A. Pisano
                                    JOEL A. PISANO
                                    United States District Judge

Dated: September 21, 2011