NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| OMAR JONES, : | |
| : | |
| Plaintiff, : | Civil No. 09-3112 (JAP) |
| : | |
| v. : | |
| : | |
| TWP. OF WARREN, et al., : | **OPINION** |
| : | |
| Defendants. : | |

**APPEARANCES:**

Omar Jones, Plaintiff, *Pro Se*
743 Martin Luther King Blvd.
Newark, NJ 07102

Ethan Jesse Sheffet, Esq.
Sheffet & Dvorin
2509 Park Avenue, Suite 2B
South Plainfield, NJ 07080
Attorney for Defendants Township of Warren, Officer Erik Larsen and Officer Robert Ferreiro

Scott D. Rodgers, Esq.
Miller, Roberston and Rodgers, P.C.
21 North Bridge Street
P.O. Box 1034
Somerville, NJ 08876
Attorney for Defendant Somerset County

**PISANO, District Judge**

THIS MATTER comes before the Court on the motion of Defendants Township of Warren, Officer Ferreiro, and Officer Larsen ("Township

Defendants") for summary judgment, pursuant to Federal Rule of Civil Procedure 56. (ECF No. 69). Plaintiff has not opposed the motion. This matter is being considered on the papers pursuant to Fed. R. Civ. P. 78.

## BACKGROUND

On June 26, 2009, Plaintiff filed this complaint, alleging that on August 1, 2008, he was driving a motor vehicle according to traffic laws, with a passenger in the vehicle, and was pulled over. He states that the defendant police officers, "in their own words [stated] that they were on Selective Enforcement which is another word used for[,] or is the same as Racial Profiling." He claims that when he was locked up he met fifteen people who had been arrested by the Warren Township Police Department and thirteen of them were arrested by the same two officers, are all black, all were driving a car with another occupant, and all had out of state plates. In connection with the motor vehicle stop, Plaintiff was later convicted in state court for various drug charges. He filed this complaint pursuant to 42 U.S.C. § 1983, asking for monetary relief for violations of his constitutional rights with regard to the motor vehicle stop. (ECF No. 1).

Summonses were executed and on February 7, 2011, the Township Defendants filed a motion to dismiss (ECF No. 17), which was denied

on September 21, 2011 (ECF No. 24). The Township Defendants filed an Answer to the complaint on October 25, 2011 (ECF No. 27). Discovery commenced and Plaintiff's deposition was taken on August 23, 2012 and December 10, 2012. (*See* ECF No. 76-1, Certification of Ethan Jesse Sheffet, Esq. ("Sheffet Cert."), Exs. O, P). Thereafter, on January 25, 2013, the Township Defendants filed this motion for summary judgment (ECF Nos. 69, 76).

In the motion, the Township Defendants argue that summary judgment must be granted because Plaintiff is unable to prove a constitutional violation concerning the automobile stop at issue in this case, nor does the record of the case provide any basis for racial profiling.

## DISCUSSION

### A. Summary Judgment Standard

To prevail on a motion for summary judgment, the moving party must establish "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine dispute of material fact exists, the court must view the facts in the light most favorable to the nonmoving party and extend all reasonable inferences to that party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986); *Stephens v.*

*Kerrigan*, 122 F.3d 171, 176-77 (3d Cir. 1997). The Court is not required to "weigh the evidence and determine the truth of the matter" but instead need only determine whether a genuine issue necessitates a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

On a summary judgment motion, the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party makes this showing, the burden shifts to the nonmoving party to present evidence that a genuine fact issue compels a trial. *Id.* at 324. The nonmoving party must then offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

**B.  Plaintiff's Complaint Against the Township Defendants Must Be Dismissed.**

The main allegation of Plaintiff's Complaint is that his constitutional rights were violated when he was racially profiled by the defendant Officers, ultimately resulting in his arrest and conviction for drug charges.  (Complt., ECF No. 1).

4

1. <u>Claims Against the Officers</u>

Plaintiff claims that the Defendant Officers pulled him over on the night in question for no reason.  He states that he was riding in the middle lane of Route 78 West, traveling at 68 mph on cruise control, when he was pulled over without cause.  (Complt., Attachment, ¶ 6).

Officer Ferreiro prepared an investigation report concerning the incident, and noted that the driver of the vehicle was "swerving and immediately changed lanes abruptly without utilizing a turn signal," upon seeing the officers approach behind.  The vehicle "failed to yield to our emergency lights and failed to pull over."  Eventually a "white paper bag was thrown from the driver's side of the suspect vehicle and into the center median."  (Motion, Statement of Material Facts, ECF No. 69 at ¶ 9).

Likewise, Officer Larsen prepared an investigation report, noting that the vehicle appeared to be speeding and switched lanes without a turn signal.  "Both occupants were constantly looking back, and moving around in the vehicle in a manner which looked as thought [sic] the[y] were attempting to hide something."  Officer Larsen noted that the vehicle was swerving and that when the officers activated their lights and sirens, the occupants refused to stop the vehicle.  As they followed the vehicle, Officer Larsen saw a white

paper bag thrown from the driver's side window. (Motion, Statement of Material Facts, ECF No. 69 at ¶ 10).[1]

During the suppression hearing surrounding the incident, the state court judge found the officers' testimony credible and that the stop was lawful due to the officers' observations of the vehicle speeding and tailgating. (Motion, Statement of Material Facts, ECF No. 69 at ¶ 21; Sheffet Cert., Transcript of Suppression Hearing, Ex. K at pp. 90-96).

Additionally, Plaintiff appeared in court on the drug charges and pled guilty. He admitted to eluding the officers and that "the manner in which [he] was driving could have created a risk of injury to yourself or other individuals." (Sheffet Cert., ¶ 17, Ex. K, Transcript of Plea). Later, a post-conviction relief petition, in which Plaintiff argued that he was subject to racial profiling, was denied by the state court judge. (Sheffet Cert., Ex. N).

Finding the facts above undisputed, it is clear to this Court that, given Plaintiff's admission that he was driving in a risky manner, his plea of guilty to eluding officers, and the findings of fact of the state court judge that the stop was lawful, as a matter of law, Plaintiff's claim that his constitutional rights were

---

[1] The white bag was determined to contain a kilogram of cocaine. (*See id.* at ¶ 13).

violated by the Defendant Officers must fail.  There is nothing in the record to support the allegation that the stop of Plaintiff's vehicle was improper or in any way racially motivated, except for Plaintiff's bald accusation.  In fact, the record is replete with references evidencing that the officers were justified in pulling over Plaintiff.

As there are no material facts in dispute, this Court finds that as a matter of law, Plaintiff's racial profiling claims against the Defendant Officers must be dismissed and summary judgment granted, as Plaintiff has not set forth a constitutional violation warranting relief under 42 U.S.C. § 1983.

2. <u>Claims Against the Township</u>

Plaintiff notes in the Complaint that in the officers' statements, "they state in their own words that they were on Selective Enforcement which is another word used for or is the same as Racial Profiling[.] [B]asically Selective Enforcement is a pre-texted stop.  Also since I've been in [Somerset County Jail] I have ran [sic] into 15 people who have been arrested by the Warren Township Police Dept. and 13 of them were by these same 2 Officers, also all of these males [were] Black and was [sic] driving a car with another occupant and had out of state plates on their car."  (Complt., Attachment ¶ 6).

Discovery reveals and this Court finds that based on the record, at the time of Plaintiff's arrest, the Defendant Officers were assigned to a tour of duty of traffic enforcement which the Township labeled "selective enforcement," as the officers were purposely selected to enforce traffic laws. (Motion, Statement of Material Facts, ECF No. 69 at ¶ 31; Sheffet Cert., ¶ 20, Ex. K, Transcript of Plea and Suppression Hearing at p. 32). The term, as used in Warren Township at the time, had nothing to do with racial profiling.

It is well-established that local government units are not liable under section 1983 solely on a theory of *respondeat superior*. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 n. 8, 105 S. Ct. 2427, 85 L.Ed.2d 791 (1985); *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690–91, 694, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003). Rather, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of *respondeat superior*. Personal involvement can be shown through allegations of personal

direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). *Accord Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293-96 (3d Cir. 1997); *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

There is nothing in the record to show that the Township of Warren and/or its Police Department engaged in a policy of racial profiling. Therefore, this Court finds that no genuine issue of material fact exists, and that as a matter of law, the Township Defendants are entitled to judgment. There is no issue for trial against these Defendants.

## **CONCLUSION**

For the foregoing reasons the instant motion for summary judgment is granted. The case will be dismissed against Defendants Township of Warren, Officer Larsen and Officer Ferreiro, in accordance with the attached Order.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: August 28, 2013